**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| TUPUFIA FAAMAI, | No. 11-55591 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00547-GHK-E |
| v. | |
| METROPOLITAN LIFE INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Submitted December 4, 2012[**]
Pasadena, California

Before: PREGERSON, NOONAN, and PAEZ, Circuit Judges.

Plaintiff-Appellant Tufupia Faamai ("Faamai") appeals the district court's

order dismissing with prejudice his ERISA action to recover accidental death

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

benefits for the death of his wife, Melisa Tuitasi Faamai ("Mrs. Faamai"). Mrs. Faamai died after undergoing gastric bypass surgery. We have jurisdiction pursuant to 28 U.S.C. §1291, and we affirm.

We review for abuse of discretion Defendant-Appellee Metropolitan Life Insurance Company's ("Met Life") denial of Faamai's claim for accidental death benefits. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 965 (9th Cir. 2006). The district court dismissed Faamai's claim with prejudice because it found that Met Life did not abuse its discretion in denying accidental death coverage based on two exclusions listed in Mrs. Faamai's accidental death and dismemberment insurance policy. The exclusions were for deaths caused by: (1) the treatment of an "illness or infirmity," and (2) "infection, other than [an] infection occurring in an external accidental wound."

1. Met Life excluded Mrs. Faamai's death from accidental death coverage because it classified obesity as a "physical or mental illness or infirmity," and gastric bypass surgery as "treatment of such illness or infirmity." This exclusion applies only if obesity is classified as an illness or infirmity, an issue that we need not reach to affirm the district court's dismissal.

2. Met Life also barred Faamai's recovery of accidental death benefits on the basis that Mrs. Faamai's death was "caused or contributed to by an infection, other than

2

[an] infection occurring in an external accidental wound." Pursuant to this exclusion, an infection occurring in either an internal wound or a non-accidental external wound is excluded from coverage.

Here, a suture came loose following Mrs. Faamai's gastric bypass surgery. This resulted in a peritoneal leak from the staple line on the gastric remnant. The peritoneum is the thin layer of irregular connective tissue that lines the abdominal cavity. STEDMANS MEDICAL DICTIONARY 1333 (26th ed. 1995). The gastric remnant is the stomach's "residue or vestige." *Id.* at 707, 1526. The undone suture on Mrs. Faamai's stomach resulted in an internal leak that caused sepsis.[1] Then Mrs. Faamai died. In light of these circumstances, Met Life reasonably determined that Mrs. Faami's death was caused or contributed to by an infection that did not result from an accidental external wound,[2] and therefore her husband, Faamai, is not entitled to recover accidental death benefits under the terms of the policy.

---

[1] Sepsis is defined as "[t]he presence of various puss forming and other pathogenic organisms, or their toxins, in the blood or tissues." STEDMANS MEDICAL DICTIONARY 1598 (26th ed. 1995).

[2] *Contra Unified W. Grocers, Inc. v. Twin City Fire Ins. Co.*, 457 F.3d 1106, 1116 (9th Cir. 2006) (citing *AIU Ins. Co. v. Superior Court*, 51 Cal.3d 807, 822 (Cal. 1990)) ("If ambiguities remain" after construing the ambiguous language in the "'context of the instrument as a whole[,]'" [*Bank of the W. v. Superior Court*, 2 Cal.4th 1254, 1264-65 (Cal. 1992),] "then these ambiguous terms are construed against the insured and in favor of coverage.")

We **AFFIRM** the district court's dismissal of Faamai's claim with prejudice.